D.H. v New Latham Hotel Corp. (2018 NY Slip Op 03941)





D.H. v New Latham Hotel Corp.


2018 NY Slip Op 03941


Decided on June 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2018

Friedman, J.P., Sweeny, Gische, Mazzarelli, Gesmer, JJ.


6774 350053/10 -2081 84025/10

[*1] D.H., an Infant, by Her Mother and Natural Guardian, Maria R., Plaintiff-Respondent,
v
New Latham Hotel Corp., Defendant-Appellant, Icahn House East, LLC, et al., Defendants-Respondents.
Icahn House East, LLC, et al., Third-Party Plaintiffs-Respondents,
v
4 East 28th Street Corp., Third-Party Defendant-Appellant.


Landman Corsi Ballaine & Ford P.C., New York (William G. Ballaine of counsel), for appellants.
The Fitzgerald Law Firm, P.C., Yonkers (John M. Daly of counsel), for D.H., respondent.
Gordon & Rees, LLP, New York (Douglas E. Motzenbecker of counsel), for Icahn House East, LLC and The Children's Rescue Fund, respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 5, 2017, which, insofar as appealed from, denied defendant New Latham Hotel Corp. and third-party defendant's motion for summary judgment dismissing the complaint and the cross claim for common-law indemnification as against New Latham and dismissing the third-party claim for contractual indemnification, unanimously affirmed, without costs.
Plaintiff seeks damages for lead poisoning she sustained between July 25, 2008 and January 25, 2009, while residing in a homeless shelter operated by defendants Icahn House East, LLC and The Children's Rescue Fund, pursuant to a contract with the New York City Department of Homeless Services, and located in a building owned by defendant New Latham Hotel Corp. and managed by third-party defendant, 4 East 28th Street Corp.
Defendant New Latham failed to establish prima facie that it lacked actual or constructive notice that plaintiff was living in Room 517 of the shelter (see Juarez v Wavecrest Mgt. Team, 88 NY2d 628 [1996]). The motion court correctly determined that the knowledge of 4 East's hotel manager, Stephen DeFazio, that the shelter was for women and their children up to the age of 13 could be imputed to New Latham, because, contrary to New Latham and 4 East's contention, the record does not establish that 4 East was a separate legal entity from New Latham. Although DeFazio testified that he was employed by 4 East when plaintiff lived in Room 517, he also testified that New Latham owned 4 East and that it had assigned 4 East to operate the property. DeFazio's errata sheet also does not establish that New Latham and 4 East were separate legal entities. Moreover, DeFazio's testimony notwithstanding, New Latham's president's affidavit in support of the motion does not address whether New Latham owned 4 East.
Moreover, DeFazio testified that he was aware that lead paint presented hazards and that all the units leased by Icahn would have children staying in them, and he testified that he had arranged for Room 517 to be cleaned and inspected for lead before plaintiff sustained any injury from exposure to lead. Thus, it is unnecessary to determine the sufficiency of Icahn's opposition to summary judgment dismissing its cross claim against New Latham for common-law indemnification.
In view of the foregoing, it is unnecessary to determine the sufficiency of plaintiff's opposition to New Latham's motion for summary judgment.
The court correctly denied dismissal of the third-party claim for contractual indemnification, since the record fails to demonstrate that plaintiff's injuries were not caused by 4 East's breach of its sublease with defendant Icahn, which, inter alia, required it to indemnify and hold Icahn harmless for bodily injury arising out of its negligence in keeping Room 517 compliant with all relevant New York State, New York City, and federal laws, regulations, and codes, or by any negligent performance of that agreement on its part (see 291 Broadway Realty Assoc. v Weather Wise Conditioning Corp., 118 AD3d 469 [1st Dept 2014]; Taylor v Lehr Constr. Corp., 15 AD3d 242 [1st Dept 2005]).
M-2081 - D.H. v New Latham Hotel Corp
Motion for stay of trial pending appeal denied as academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 5, 2018
CLERK